**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Michael E. Romero

| | |
|---|---|
| In re:<br><br>Margaret Casey Tom,<br><br>Debtor. | Bankruptcy Case No. 26-11759 MER<br><br>Chapter 7 |
| Joel Kirsh, Holly Kirsh, Friday Crawford, Melinda Jensen, and Lauren Cashatt A/K/A Lauren Cashatt Ngo,<br><br>Plaintiffs,<br><br>v.<br><br>Margaret Casey Tom,<br><br>Defendant | Adversary Proceeding No. 26-1174 MER |

## ORDER SEVERING COMPLAINT AND DENYING OTHER MOTIONS

THIS MATTER comes before the Court *sua sponte*. The Court held a status conference in this proceeding on September 17, 2026, due to concerns that the Amended Complaint inappropriately includes the non-dischargeability claims of multiple Plaintiffs. The parties made oral arguments and filed supplemental briefs. The Court took the matter under advisement to consider whether severance of the Plaintiffs' claims is appropriate.

## BACKGROUND

This case has a somewhat complicated procedural history. The Debtor-Defendant Margaret Tom ("**Debtor**") filed a Chapter 7 bankruptcy petition on March 22, 2026. The deadline for filing a non-dischargeability claim under 11 U.S.C. §§ 523 or 727 was June 29, 2026.[1] Seven pro se Plaintiffs initiated this adversary proceeding by filing a Complaint on June 26, 2026, in which each Plaintiff asserted a claim against the Debtor under 11 U.S.C. § 523(a)(2)(A). The Debtor filed a motion to dismiss the original Complaint, but the Court denied that motion as moot because Plaintiffs had subsequently filed an Amended Complaint.[2] The Debtor then filed a motion to dismiss the Amended Complaint, which remains pending.[3] Subsequently, two of the seven Plaintiffs voluntarily dismissed their claims against the Debtor, leaving five Plaintiffs.

[1] Case No. 26-11759, ECF No. 9.

[2] ECF Nos. 6, 8.

[3] ECF Nos. 12, 15.

Those Plaintiffs filed a Motion for Leave to File Second Amended Complaint that would add § 523(a)(2) claims by four new Plaintiffs.[4] If granted, there would be a total of nine Plaintiffs asserting § 523(a)(2) claims against the Debtor. Also pending is the Debtor's Motion for Order to Show Cause Regarding Appearance and Representation of Pro Se Plaintiffs.[5] In that Motion, the Debtor raises concerns that one of the Plaintiffs, Joel Kirsh, appears to be drafting pleadings and making legal arguments on behalf of all the other Plaintiffs even though he is not an attorney.

## DISCUSSION

### A. Improper Joinder

At the recent status conference, the Court raised concerns that the Plaintiffs' § 523(a)(2) claims had been inappropriately joined in one proceeding under Fed. R. Civ. P. 20, made applicable to this proceeding by Fed. R. Bankr. P. 7020. Under that Rule, multiple plaintiffs may be joined together in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action."[6] The term "transaction" is flexible and may include "a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."[7] The Supreme Court has held that joinder of claims and parties is strongly encouraged.[8] "However, a multiple-plaintiff suit does not pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to the joint cause of action."[9] Whether to permit joinder lies at the discretion of the trial court.[10] In exercising this discretion, a court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . ."[11]

In this case, Plaintiffs argue that they meet the "same transaction" test because they believe the Debtor used the same "deceptive scheme" and a "uniform modus operandi" to obtain money from them through false misrepresentations. These methods allegedly include the Debtor's claims of financial urgency and multiple promises of imminent repayment.[12] While the Court sees some similarities in the manner Debtor solicited money from Plaintiffs and made multiple promises of repayment, the alleged circumstances of the Debtor's transactions with each Plaintiff are quite different, and

---

[4] ECF No. 18.

[5] ECF No. 23.

[6] Fed. R. Civ. P. 20(a)(1).

[7] *CSMN Operations LLC v. Aetna Life Ins. Co*., 2025 WL 2513588, at *14 (D. Colo. Sept. 2, 2025) (citing *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004)).

[8] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

[9] *Getter v. Elder*, 2021 WL 12173262, at *2 (D. Colo. Oct. 14, 2021).

[10] *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416-17 (10th Cir. 1984).

[11] *Id.* at 416.

[12] ECF No. 21, ¶¶ 17-18.

each Plaintiff made different loans or advances in different amounts, under different terms and circumstances. For example, at least two of the Plaintiffs allege the Debtor obtained funds by making unauthorized charges on those Plaintiffs' credit cards. In contrast, others required formal promissory notes or used wire transfers or other online payment methods. Some Plaintiffs made multiple loans or advances to the Debtor while others made just one. Some of the Plaintiffs had business relationships with the Debtor while others seemingly did not. At least two of the Plaintiffs, Joel and Holly Kirsh, obtained a pre-petition state court judgment against the Debtor, while the other Plaintiffs did not. These differing circumstances necessitate individualized proof not only of the Debtor's alleged fraudulent misrepresentations to each Plaintiff, but also of each Plaintiff's reliance on those representations. The Court concludes the various loans, advances and credit card charges did not involve the same transaction or occurrence for purposes of Rule 20.

The only cases the Court could locate discussing permissive joinder in the § 523(a) context suggest that non-dischargeability claims by separate creditors should not be joined into one adversary proceeding.[13] One of those cases is *In re Conners*, which this Court finds instructive.[14] In that case, four different plaintiffs asserted claims under § 523(a)(2) against the same debtor. Each plaintiff was a financial institution that had issued a credit card to the debtor and alleged the debtor had obtained cash advances on those credit cards by false representations or false pretenses. The court determined that, although the nature of alleged fraud to each plaintiff was similar and reflected a pattern of conduct by the debtor, the charges were nevertheless distinct and did not involve the same transaction or occurrence. The court noted:

> [C]haracterization [as the same series of transactions or occurrences] does not fairly apply to two victims' wholly separate encounters with a confidence man simply because he follows the same routine in cheating each of them. It is as though two persons who fall, wholly independently, for the classic "pigeon drop" swindle two weeks apart were to characterize those swindles as the "same ... series of transactions or occurrences.[15]

Because there was no linkage between the four plaintiffs or between the debtor's separate transactions with each, the *Conners* court held that the plaintiffs' § 523(a)(2) claims could not be joined in one complaint.

Similarly, the Court does not find sufficient linkage between the Plaintiffs or the Debtor's incurrence of debts to each Plaintiff. The Court recognizes that Plaintiffs are not represented by counsel and desire to save funds by consolidating their claims into one proceeding. In addition, the Debtor has indicated she does not oppose keeping all of the Plaintiffs' claims in one adversary proceeding as a cost-saving measure.

---

[13] *Citibank v. Conners (In re Conners)*, 125 B.R. 611, 614-17 (Bankr. S.D. Calif. 1991); Harlander v. Turner (In re Turner), 2015 WL 9673501, at *6 (Bankr. S.D. Ga. Dec. 30, 2015); *Cofrancesco v. Akron (In re Cofrancesco)*, 191 B.R. 370 (Bankr. N.D. Ohio, 1996) (debtor improperly joined multiple defendants in § 523(a)(8) case); *McIntosh v. Southwestern Bell (In re McIntosh)*, 168 B.R. 187 (Bankr. E.D. Ark. 1994) (debtor improper joined multiple unscheduled creditors in dischargeability proceeding).

[14] *Citibank v. Conners (In re Conners)*, 125 B.R. 611 (Bankr. S.D. Calif. 1991).

[15] *Id*. at 614 (quoting in *Papagiannis v. Pontikis*, 108 F.R.D. 177 (D.N.D.Ill.1985)).

However, most of these financial concerns can be addressed by consolidating the Plaintiffs' separate adversary proceedings for purposes of discovery and/or trial.[16]

More importantly, the Court shares the concerns raised in the Debtor's Motion for Order to Show Cause Regarding Appearance and Representation of Pro Se Plaintiffs. The five Plaintiffs in this proceeding are not each filing separate pleadings. Instead, Plaintiff Joel Kirsh is filing pleadings that purport to state a unified position of all five Plaintiffs. Mr. Kirsh was the only Plaintiff to appear at the status conference, at which he made legal arguments on behalf of all the other Plaintiffs. Mr. Kirsh is not an attorney. Pursuant to 28 U.S.C. § 1654, each of the Plaintiffs has the right to proceed *pro se* in a civil action in federal court and represent his or her own interests. However, "it is well settled that a lay person may not represent the rights or interests of anyone else."[17] Specifically, "[n]on-attorney pro se litigants cannot represent other pro se parties."[18] This is because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"[19] Thus, while Mr. Kirsh is free to represent himself, he may not draft or file pleadings nor appear at hearings on behalf of the other Plaintiffs. Severing the Plaintiffs' claims into separate adversary proceedings will ensure that each Plaintiff is acting on their own behalf and that Mr. Kirsh is not engaging in the unauthorized practice of law.

## B. Severance

When there has been a misjoinder of parties, Rule 21 provides that dismissal is not an appropriate remedy. Instead, courts have discretion to add or drop parties or to sever any claim against any party.[20] Rule 20 also gives courts discretion to issue orders designed to protect any party from prejudice arising from severance.[21] The Rules do not otherwise provide a procedure for the severance of claims. As such, courts generally exercise discretion to provide procedures appropriate to the particular case.[22] Typically, this involves the severed parties filing new, separate lawsuits.

The Court concludes this is the appropriate procedure in this case. The claims of Plaintiffs Friday Crawford, Melinda Jensen, or Lauren Cashatt will be severed from this

---

[16] *See* Fed. R. Civ. P. 42, made applicable by Fed. R. Bankr. P. 7042 (permitting consolidation).

[17] *Shattuck v. Bondurant (In re Shattuck)*, 411 B.R. 378, 383 (10th Cir. BAP 2009); *see also Quintana v. Core Civic (C.C.A.)*, 504 F.Supp.3d 1224, 1238 (D.N.M. 2020) ("Because pro se means to appear for one's self, however, a person may not appear on another person's behalf in the other's cause.")

[18] *Perry v. Stout*, 20 Fed. App'x 780, 782 (10th Cir. 2001).

[19] *Quintana*, 504 F.Supp.3d at 1238 (citing *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1321 (10th Cir. 2000)).

[20] Fed. R. Civ. P. 21, made applicable by Fed. R. Bankr. P. 7021; *Costa Transports, Inc. v. Last (In re Last)*, 440 B.R. 642, 653 (Bankr. D.N.J. 2010) ("It is within the sound discretion of the court whether to sever a claim in a litigation.").

[21] *See Nasious v. City and County of Denver-Denver Sheriff's Dept.*, 415 Fed. App'x 877, 881 (10th Cir. 2011) (concluding it was improper for the district court to effectively dismiss claims and drop parties without analyzing whether dismissal affected those parties' ability to meet the statute of limitations).

[22] *McDowell v. Morgan Stanley & Co., Inc.*, 645 F.Supp.2d 690, 697 (N.D. Ill. 2009) ("[T]he Court acknowledges that although misjoinder of parties is not a basis for dismissal, there is no specific procedure for dividing up a single case into separate cases pursuant to a finding of misjoinder.").

proceeding. If those Plaintiffs wish to continue pursuing a § 523(a)(2) claim against the Debtor, they must each file a separate adversary proceeding and pay the associated filing fee. Any new complaint filed should address only those facts relevant to that particular Plaintiff's case. Plaintiffs may not add new claims without leave of Court.

The Court recognizes that the deadline for filing actions pursuant to § 523(a)(2) expired on June 29, 2026, making any new adversary proceeding untimely.[23] However, the Court also acknowledges that the Plaintiffs' original Complaint was timely filed on June 26, 2026. To avoid any prejudice that would result from severance of these Plaintiffs' claims, the Court will deem any severed § 523(a)(2) claim filed as a new adversary proceeding by Plaintiffs Friday Crawford, Melinda Jensen, or Lauren Cashatt to be timely. The same is not true for the four new parties the Plaintiffs seek to add through their Motion for Leave to File Second Amended Complaint. Those four parties were not named in the original Complaint, and their § 523(a)(2) claims are now time-barred. Nothing in this Order should be construed as granting those parties leave to file untimely claims.

If necessary, the Court will set a scheduling conference at a future date to discuss consolidation of discovery and/or trials.

## CONCLUSION

For all the reasons discussed above, it is hereby ORDERED as follows:

1. The § 523(a)(2) claims of Plaintiffs Friday Crawford, Melinda Jensen, and Lauren Cashatt are hereby SEVERED from this adversary proceeding. If Friday Crawford, Melinda Jensen, and/or Lauren Cashatt still wish to pursue their § 523(a)(2) claims against Debtor, they must each file separate complaints in new adversary proceedings on or before **December 4, 2026**. Those § 523(a)(2) claims, if filed by the December 4 deadline, will be deemed timely under Fed. R. Civ. P. 4007. Plaintiffs may not add new causes of action without leave of the Court. Plaintiffs are required to pay the applicable adversary proceeding filing fee. Failure to meet the filing deadline will result in a dismissal of those Plaintiffs' § 523(a)(2) claims with prejudice.

2. The claims of Plaintiffs Joel and Holly Kirsh shall be litigated in this adversary proceeding (Adv. Pr. No. 26-1174). On or before **December 4, 2026**, Joel and Holly Kirsh shall file an amended complaint that contains only those factual allegations that relate to their particular § 523(a)(2) claim. The caption shall be amended to list only Joel and Holly Kirsh as Plaintiffs. Plaintiffs may not add new causes of actions without leave of the Court.

3. The Debtor's Motion for Order to Show Cause (ECF No. 23) is DENIED as moot. Joel and Holly Kirsh may file joint pleadings on their own behalf in this adversary proceeding but they are otherwise prohibited from drafting or filing pleadings for other parties or otherwise representing other parties in any other adversary proceeding.

---

[23] *See* Fed. R. Bankr. P. 4007(c).

4. The Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 18) is DENIED.

5. The Debtor's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 12) is DENIED without prejudice.

DATED: November 13, 2026.

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court